# Supreme Court of Florida

---

No. SC2023-1093

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL
PROCEDURE 3.670.**

January 25, 2024

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee filed a
report proposing amendments to Florida Rule of Criminal Procedure
3.670 (Rendition of Judgment).[1]  The Committee approved the
proposed amendments.  The Board of Governors of The Florida Bar
recommended rejecting the proposal by a vote of 29-17-0.  The
Committee published its proposal for comment prior to filing it with
the Court, and one comment was received.  After the Committee
filed its report, the Court published the proposal for comment and
received one comment suggesting additional grammatical changes.

---

    1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see
also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

The Court hereby amends Florida Rule of Criminal Procedure 3.670 as proposed by the Committee. The amendments mirror section 948.01(2), Florida Statutes, to avoid confusion about probation being required when an adjudication of guilt is withheld by a trial court. The amendments explain that probation is mandatory in felony cases where the judge withholds adjudication. Additionally, the rule is divided into four subdivisions and various grammatical and technical changes are made.

Accordingly, we amend Florida Rule of Criminal Procedure 3.670 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective April 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Jason B. Blank, Chair, Criminal Procedure Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The

Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

George Pavlidakey, Clearwater, Florida,

Responding with comments

# APPENDIX

## RULE 3.670.    RENDITION OF JUDGMENT

(a)    If the defendant is found not guilty, a judgment of not guilty must be rendered in open court and in writing, signed by a judge, filed, and recorded.

(b)    If the defendant is found guilty, a judgment of guilty ~~and, if the defendant has been acquitted, a judgment of not guilty~~ ~~shall~~must be rendered in open court and in writing, signed by the judge, filed, and recorded. However, where allowed by law, the judge may withhold an adjudication of guilt. In the case of a felony, the judge may withhold an adjudication of guilt only if the judge places the defendant on probation.

(c)    When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation, or revokes probation, the judge ~~shall~~must forthwith inform the defendant concerning the rights of appeal therefrom, including the time allowed by law for taking an appeal.

(d)    Within 15 days after the signed written judgment and sentence is filed with the clerk of court, the clerk of the court ~~shall~~must serve on counsel for the defendant and counsel for the state a copy of the judgment of conviction and sentence entered, noting thereon the date of service by a certificate of service. If it is the practice of the trial court or the clerk of court to hand deliver copies of the judgment and sentence at the time of sentencing and copies are in fact hand delivered at that time, hand delivery ~~shall~~must be noted in the court file, but no further service ~~shall be~~is required and the certificate of service need not be included on the hand-delivered copy.

### Committee Notes

[No Change]